**80. EVIDENCE.**
Rogers v. Garford, OA. 6 Abs. 255.
Jackson v. State, OA. 6 Abs. 248.
Wilson v. Wesler, Admx., OA. 6 Abs. 249.
Horrigan v. Stagg, OA. 6 Abs. 247.

**557. FRAUD.**
Farmer v. Courtright, OA. 6 Abs. 243.

**570. GARNISHMENT.**
See 57. Aid of Execution. Graver v. Guard. Tr. Co., OA. 6 Abs. 251.

**620. IMPEACHMENT.**
See 480. Evidence. Jackson v. State, OA. 6 Abs. 248.

**647. INSURANCE.**
British Amer. Assurance Co. et v. Jaymes, OA. 6 Abs. 255.

**677. JUDGMENTS AND DECREES.**
See 373. Default. Young v. Hall et, OA. 6 Abs. 246.
See 941. Practice and Procedure. Graver v. Guard. Tr. Co., OA. 6 Abs. 251.

**681. JURISDICTION.**
See 848. Non Support. Armstrong, In Re., OA. 6 Abs. 244.
See 373. Default. Young v. Hall et, OA. 6 Abs. 246.

**683. JURY.**
Pflieger v. State, OA. 6 Abs. 247.

**745a. MALPRACTICE.**
See 225. Charge of Court. DeWitt v. Schweitzer, OA. 6 Abs. 250.

**829. NEGLIGENCE.**
N. Y. C. & St. L. Rd. Co. v. Granfell, OA. 6 Abs. 245.

**848. NON SUPPORT.**
Armstrong, In Re., OA. 6 Abs. 244.

**923. PLEADINGS.**
See 1235. Verdicts. Frances Willard Candy Co. v. Menke, etc., OA. 6 Abs. 243.

**941. PRACTICE AND PROCEDURE.**
Graver v. Guard. Tr. Co., OA. 6 Abs. 251.
See 480. Evidence. Horrigan v. Stagg, OA. 6 Abs. 247.

**1025. REPLEVIN.**
Worthington Co. v. Schan, et., OA. 6 Abs. 242.

**1040. RESTRICTIONS.**
Guar. Title & Tr. Co. v. Offenbacher, OA. 6 Abs. 246.

**1104. STATUTES.**
See 941. Practice and Procedure. Graver v. Guard. Tr. Co., OA. 6 Abs. 251.

**1105. STATUTE OF FRAUDS.**
Franke v. Blair Realty Co., OA. 6 Abs. 249.

**1231. VENUE.**
Moore v. State, OA. 6 Abs. 252.

**1235. VERDICTS.**
Frances Willard Candy Co. v. Menke, etc., OA. 6 Abs. 243.

**1247. WAIVER.**
See 1105. Statute of Frauds. Franke v. Blair Realty Co., OA. 6 Abs. 249.

**1265. WEIGHT OF EVIDENCE.**
Rogers v. Garford, OA. 6 Abs. 255.

**1271. WILLS AND LEGACIES.**
Trumbull v. Stentz et, CP. 6 Abs. 254.

**1295. ZONING ORDINANCES.**
Guar. Title & Tr. Co. v. Offenbacher, OA. 6 Abs. 246.

## WORTHINGTON CO. v. SCHAN et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8808. Decided Feb. 8, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**1025. REPLEVIN.**
Where sale is made and goods delivered to vendee who has no reasonable expectations of being able to pay, such sale is fraudulent and vendor may re-possess goods.

Error to Municipal Court.

Judgment reversed.

Thompson, Hine & Flory, Cleveland, for Worthington Co.

Ernest Abram, Cleveland, for Schan, et.

### STATEMENT OF FACTS.

This action was brought by the Worthington Company to recover, from the two defendants, a number of refrigerators, sold and charged to Benjamin Schan, but part of which were delivered to Frank Schan. In November of the year preceding the transaction, Benjamin gave a statement to Bradstreet for the purpose of obtaining credit, which statement showed him solvent and Bradstreet reported him safe for credit up to $2,000. Shortly thereafter, Benjamin purchased, from the Worthington Company, fourteen refrigerators, ten of which were delivered to Frank and charged to Benjamin. On the 25th of March, before any of the refrigerators had been sold, a communication was sent from the lawyer of Benjamin, seeking to compromise with his creditors, and it gave as the assets of the concern as $1,533.50 and liabilities $6,188.51.

The Worthington Company sought to repossess the refrigerators, basing their right of action on two grounds:

First: Upon the misrepresentation that was contained in the statement made to Bradstreet, upon which they relied, and
Second: Upon the proposition that, at the time these refrigerators were purchased, or at the time they were delivered, Benjamin was insolvent and had no intention, or at least no ability or expectation to be able, to pay for them.

The case was brought in the Municipal Court before the Judge, without the intervention of a jury, who found in favor of the defendants Schan, and it is to reverse that judgment that error is prosecuted here.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

Now there is nothing in this record to show that there had been anything that occurred,

after these refrigerators had been delivered to the Schans, prior to the 25th day of March, when the letter which disclosed the hopeless insolvency of Benjamin Schan was received by the Worthington Company, to lead anyone to believe that anything unusual had occurred, and, if the estate of Schan had only $1,533.50 of assets and $6,188.51 of liabilities, it was clear that that must have existed at the time these goods were purchased.

One can only read this record and get at the facts, to come to the conclusion that Benjamin had no reasonable expectation of being able to pay for these goods when they were delivered to him and his brother, and, under the decision of the Supreme Court, a sale under such circumstances is fraudulent, and the vendor of the goods may re-possess himself of the goods.

We think, therefore, that the court below was entirely wrong and that this judgment must be reversed, and it is reversed on the ground that the judgment is contrary to law for the reasons set forth and, there being no dispute in the evidence in this lawsuit, the facts being conceded or admitted, we think a final judgment should be entered in favor of the Worthington Company.

The judgment will, therefore, be: Judgment reversed and final judgment for plaintiff in error.

(Sullivan, PJ. and Levine, J:, concur.)